IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                       No. CR-03-2062 JB

RYAN BADONIE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Navajo Nation Division of Public Safety's Motion to Quash, filed April 13, 2005 (Doc. 51). The primary issue is whether the subpoena meets the requirements of rule 17 of the Federal Rules of Criminal Procedure, as defined by relevant case law. Because it does not, the Court need not address the sovereign immunity and appropriate court issues, and the Court will grant the motion to quash without prejudice to Defendant Ryan Badonie to have the Clerk issue a subpoena that is more narrowly tailored to meet rule 17's requirements

## PROCEDURAL BACKGROUND

Sampson Cowboy, the Executive Director for the Navajo Nation Division of Public Safety, received a letter and an attached subpoena duces tecum on March 18, 2005, requesting the production of records. The subpoena commands Cowboy to appear and produce the following Navajo Nation employee personnel files to the Law Office of John F. Moon Samore at P.O. Box 1993, Albuquerque, New Mexico on March 18, 2005:

> The entire personnel file, including any and all certification (including dates of certification) and any and all seminars, classes, training, and officers preparation programs which any of the following officers may have received:

1. LeRoy Deal, Jr. Senior Criminal Investigator

2. James Lee Hale

3. Melvin Joe

Documents may be served by mail on Mr. Samore's office instead of by personal delivery.

In response to this subpoena, the Navajo Nation Division of Public Safety moves the Court to quash the subpoena duces tecum as being contrary to the Navajo Nation's sovereign immunity; as being unreasonable and oppressive; and as not constituting an order from a court of competent jurisdiction.

## RULE 17 AND SUBPOENAS

Rule 17(c) of the Federal Rules of Criminal Procedure provides:

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

A subpoena is not a discovery substitute. There are federal rules that address the proper method for parties to conduct discovery. As the Supreme Court of the United States noted in Bowman Dairy Co. v. United States, 341 U.S. 214 (1951), a subpoena is not intended to provide a means of discovery. See id. at 220.

Moreover, as the Supreme Court held in United States v. Nixon, 418 U.S. 683 (1974), a criminal subpoena requires that the requested information have: (i) relevancy; (ii) admissibility; and (iii) specificity. See id. at 700; United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002). The subpoena cannot be for a general "fishing expedition," and the requested information must be

necessary to properly prepare for trial. United States v. Nixon, 418 U.S. at 700 (citing United States v. Ioza, 13 F.R.D. 335 (S.D.N.Y. 1952).

## **ANALYSIS**

The Navajo Nation's first argument is sovereign immunity, and Badonie devotes most of his response to that issue. It is not necessary for the Court to address the difficult sovereignty and proper court issues. Even if Badonie could overcome those hurdles, he has not shown that he has satisfied rule 17 or the requirements of United States v. Nixon.

The subpoena requests "the entire personnel file, including any and all certification (including dates of certification) and any and all seminars, classes, training and officers preparation programs which any of the following officers may have received: 1. LeRoy Deal, Jr., Senior Criminal Investigator; 2. James Lee Hale; 3. Melvin Joe." Badonie must show that the information he is seeking to obtain by subpoena is relevant and admissible, and that the request is specific. He has none done so.

Rule 17 provides relief from subpoenas such as the one that Badonie had the Clerk issue in this case. The subpoena served on Cowboy does not meet rule 17's requirements, as the Supreme Court defined them in United States v. Nixon. The subpoena duces tecum served on the Navajo Nation is vague and broad, non-specific, and overly burdensome. Badonie has not made a specific showing that the materials he requests are either relevant or admissible.

**1. Relevancy.**

The generality and vagueness of Badonie's request does not address United States v. Nixon's relevancy concerns. The request for "the entire personnel file, including any and all" certification and other information, does not meet the test for relevancy on its face. And in his opposition to this

motion, Badonie has not shown how these materials would be relevant.

In his response, Badonie states that his subpoena is "reasonable," makes "material" inquiries, and seeks "material" information. Badonie does not, however, explain how his subpoena is reasonable or how it seeks only relevant information. Badonie makes no effort in his response to explain how all or some of the information he requests will be relevant to the issues in this case.

Badonie suggests that, if necessary, the Court may narrow the material requested in the subpoena at the hearing on the motion to quash. Badonie suggests that he may be able to make a reasonable showing that these requests are relevant and material. This suggestion is a practical admission that all of what he seeks is not relevant.

Badonie states that he deserves the opportunity to show why the subpoenas are so critical for presenting an effective defense and deserves a hearing on this motion. He says the Court should "move onto hearing" and that the hearing is the proper place for him to make that showing, but does not set forth in the response why he cannot argue in his response the reasons the information is relevant. In sum, Badonie has not explained in his subpoena or in his response that what he is seeking is relevant to this case.

**2.     Admissibility.**

The request does not meet the test for admissibility. An evidentiary privilege or confidentiality laws may protect information in this file. These possibilities counsel against a blanket disclosure. Again, on the record before the Court, Badonie has not met his obligation to establish the admissibility of the entire personnel file.

**3.     Specificity.**

Badonie's subpoena is broad, general, and non-specific. His request is so general and so

vague that it raises the inference that he is engaging in a "fishing expedition." The request does not meet the test for specificity.

**4.     Oppressiveness.**

The Navajo Nation represents that, given the long period of time that the Navajo Nation has employed the named law enforcement personnel, it is unduly oppressive to require the Navajo Nation Division of Public Safety to conduct a records search of materials that may be archived. Badonie does not respond to this argument  This objection may be overcome if Badonie narrows his request, but at the present time, it remains unrefuted.

The Court will quash this subpoena without prejudice to Badonie to serve a request that satisfies rule 17's requirements, as defined by United States v. Nixon. In that specific and narrowed context, the Court can address any other objections that the Navajo Nation may raise.

**IT IS ORDERED** that the Navajo Nation's Motion to Quash is granted and the Defendant's subpoena duces tecum directed to Sampson Cowboy, the Executive Director for the Navajo Division of Public Safety, a program within the Navajo Division of Public Safety, is quashed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
  United States Attorney
Fred C. Smith
Kyle Nayback
  Assistant United States Attorneys
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

John F. Moon Samore
Albuquerque, New Mexico

    *Attorneys for the Defendant*

Louis Denetsosie
  Attorney General
The Navajo Nation
Donovan D. Brown, Sr.
  Assistant Attorney General
Office of the Attorney General
Navajo Nation Department of Justice
Window Rock, Arizona

    *Attorneys for the Navajo Division of Public Safety*