IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                          No. CR 03-2062 JB

RYAN BADONIE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Enforce Prosecutor's Obligation to Provide Discovery, filed July 5, 2005 (Doc. 60). The Court held a hearing on this motion on August 10, 2005. The primary issue is whether the Court should require the United States to secure materials from the Navajo Nation and third parties, and to produce them to Defendant Ryan Badonie. Because Badonie requests discovery not in the United States' possession, the Court will deny his motion to compel.

## BACKGROUND

On November 20, 2003, the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, entered a Discovery Order (Doc. 6). The Order requires the United States to disclose evidence as required by rule 16 of the Federal Rules of Criminal Procedure. Badonie moves, pursuant to rule 16 of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), and other case precedent and statutes, for an order compelling the United States to produce evidence. Badonie seeks information about the law enforcement officers the United States intends to call as witnesses, including, but not limited to, information regarding certification, specific training in DWI

enforcement, and other personnel records, including the entire Navajo Nation Police "commission" file. Badonie also seeks the following evidence:

1. Johnson Watchman's medical records, including the last fifteen years of his eye examinations and any restrictions he may have on driving.

2. Watchman's driving license records and restrictions in New Mexico or any other state in which he has had a license during this period of time, including any suspension(s) in the past twenty years, and Watchman's NCIC and complete tribal criminal file, without restriction.

3. All cellular telephone records from Navajo Transport, Inc. for usage on the date of the accident.

4. All records from Navajo Transport, the owner of the vehicle that Watchman was driving, regarding Watchman's qualifications to drive, including material in his personnel file regarding any restrictions or previous suspensions.

5. The usage records for the motor vehicle unit in which Badonie was transported after his arrest, for the 48 hours prior to his transport.

6. CAD reports, accident reports, or other information within the control of the Navajo Nation Police, or its equivalent, regarding motor vehicle accidents involving an eighteen-wheeler or other large truck that occurred within approximately six months on this accident's date.

The United States opposes this motion.

**LAW REGARDING PROSECUTOR'S OBLIGATION TO PROVIDE DISCOVERY**

**1.    RULE 16.**

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides:

Documents and Objects. Upon a defendant's request, the government must permit the

>defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
>>(i) the item is material to preparing the defense;
>>
>>(ii) the government intends to use the item in its case-in-chief at trial; or
>>
>>(iii) the item was obtained from or belongs to the defendant.

Criminal defendants may not, however, embark on a "broad or blind fishing expedition among documents possessed by the Government . . . ." Jencks v. United States, 353 U.S. 657, 667 (1957)(quoting Gordon v. United States, 344 U.S. 414, 419 (1953)). Rule 16(a)(2) provides, in part, that rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."

### 2.     BRADY V. MARYLAND

In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court of the United States explained that the suppression of exculpatory evidence violates a defendant's constitutional rights: "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 1196-97. Thus, prosecutors have a duty to disclose evidence that is favorable to a defendant, which is either exculpatory or impeaching and is material to either guilt or punishment, regardless whether the defendant requests the information. See United States v. Agurs, 427 U.S. 97, 106 (1976). In Giglio v. United States, 405 U.S. 150, 153 (1972), the Supreme Court extended the prosecution's obligation to disclosure evidence to include evidence that is useful to the defense in impeaching government witnesses even if the evidence is not inherently exculpatory.

Brady v. Maryland, however, only requires the government to disclose material exculpatory evidence in its possession. See United States v. Johnson, No. 96-40082-02-SAC, 1997 U.S. Dist. LEXIS 11586, *7 (D. Kan. June 9, 1997)(unpublished). "It is well settled that there is no 'affirmative duty upon the government to take action to discover information which it does not possess.'" United States v. Tierney, 947 F.2d 854, 864 (8th Cir. 1991)(quoting United States v. Beaver, 524 F.2d 963, 966 (5th Cir. 1975), cert. denied, 425 U.S. 905 (1976)). See United States v. Kraemer, 810 F.2d 173, 178 (8th Cir. 1987)(explaining that the prosecution is not required "to search out exculpatory evidence for the defendant"). On the other hand, "a prosecutor's office cannot get around *Brady* by keeping itself in ignorance, or by compartmentalizing information about different aspects of a case." Carey v. Duckworth, 738 F.2d 875, 878 (7th Cir. 1984). A prosecutor must disclose information of which it has knowledge and access. United States v. Bryan, 868 F.2d 1032, 1037 (9th Cir. 1989). A prosecutor may have a duty to search files maintained by other "governmental agencies closely aligned with the prosecution" when there is a "some reasonable prospect or notice of finding exculpatory evidence." United States v. Johnson, 1997 U.S. Dist. LEXIS 11586 at *8 (quoting United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992)). A prosecutor does not have a duty, however, to obtain evidence from third parties. See United States v. Combs, 267 F.3d 1167, 1173 (10th Cir. 2001)(observing that Brady v. Maryland does not oblige the government to obtain evidence from third parties); United States v. Anderson, Nos. 03-3009-JWL, 98-20030-01-JWL, 2003 U.S. Dist. LEXIS 19213, *29 (D. Kan. October 22, 2003)(unpublished).

## **ANALYSIS**

Badonie argues that he needs the information he requests in this motion to effectively cross-

examine the United States' witnesses.  Badonie contends that, without the information sought by this and the other motions, he cannot prepare for trial and that his conviction would not withstand constitutional scrutiny.  The United States argues that the Court should deny Badonie's motion because the information he seeks is not in its possession and, even if it was, much of it is not discoverable under rule 16 or Brady v. Maryland.  Badonie does not dispute that the United States does not have the information he seeks, but he argues that it is readily available to the United States with little inconvenience.  Badonie contends that the United States can obtain these records with a minimum of effort and by merely requesting them.

It may be that the information Badonie seeks is material.  There is no dispute, however, that the United States does not have this information.  Badonie is asking the Court to order the United States to use its influence with the Navajo Nation and others to secure this information.  The United States is only required to produce evidence it possesses.  See United States v. Tierney, 947 F.2d at 864 (quoting United States v. Beaver, 524 F.2d at 966); United States v. Kraemer, 810 F.2d at 178.  The United States may have an obligation to seek information from "closely aligned" United States agencies, but its obligation does not require it to seek information from other governments.  United States v. Johnson, 1997 U.S. Dist. LEXIS 11586 at *8 (quoting United States v. Brooks, 966 F.2d at 1503.  Likewise, the case law has not extended the Brady v. Maryland duty to require the government to secure information from third parties.  See United States v. Combs, 267 F.3d at 1173 (observing that Brady does not oblige the government to obtain evidence from third parties); United States v. Anderson, 2003 U.S. Dist. LEXIS 19213, * 29.  These documents, which are not in the United States' possession, are not discoverable under rule 16.

It may be true that the United States could get the information Badonie seeks merely by

requesting them. But there is also the possibility that the Navajo Nation could decline. To order the United States to do something that it does not have the power to do blurs the bright line obligations that Brady v. Maryland imposes on prosecutors.

Badonie also contends that the United States is obliged to disclose the requested information or, as a sanction for failure to disclose, not to call the witnesses at trial. Badonie argues that the Court should either disqualify any witnesses from whom this information is sought or, in the alternative, dismiss with prejudice the prosecution. Because, however, the Court will deny the motion to disclose and will not require the United States to disclose information that it does not have, the Court will not preclude the testimony or dismiss the indictment.

**IT IS ORDERED** that the Defendant's Motion to Enforce Prosecutor's Obligation to Provide Discovery is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Fred C. Smith
Kyle T. Nayback
  Assistant United States Attorneys
Albuquerque, New Mexico

　　*Attorneys for the Plaintiff*

John F. Moon Samore
Albuquerque, New Mexico

　　*Attorney for the Defendant*

Donovan Brown
Navajo Nation Department of Interior
Window Rock, Arizona

    *Attorney for the Navajo Nation*