**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 03-2062 JB

RYAN BADONIE,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion to Compel Discovery and Disclosure of Evidence, filed June 30, 2005 (Doc. 59). The primary issue is whether the Court should compel from the United States documents and materials that are in the Navajo Nation's possession, custody, and control. Because the United States represents that it does not possess the documents that Defendant Ryan Badonie seeks, the Court will deny the motion to compel.

**PROCEDURAL BACKGROUND**

Badonie is defending against allegations of involuntary manslaughter arising from a motor vehicle accident in 2002. The United States alleges that Bedonie was driving under the influence of alcohol. The only evidence that he was under the influence of alcohol is testimony from certain government witnesses based upon their observations and recollections.

Each of these government witnesses is a law enforcement officer. These law enforcement officers made observations and conclusions regarding Badonie's sobriety. The officers did not, however, take any blood tests from Badonie on the date of this motor vehicle accident.

Badonie initially sought to obtain information about the officers' training by way of subpoena

duces tecum from the Navajo Nation, the custodian of these records. The Navajo Nation resisted that subpoena, filing a Motion to Quash, filed April 13, 2005 (Doc. 51). By Memorandum Opinion and Order entered August 10, 2005 (Doc. 75), the Court granted the Navajo Nation's motion.

From the United States, Badonie seeks immediate and full disclosure of all officers' certifications and personnel file information, especially seminars, classes, training, and officer preparation programs, or similar training, both before and after the date of the motor vehicle accident that is the subject of this criminal proceeding. The United States represents that the documentation Badonie seeks is not in its possession. The United States refuses to ask for these documents from the Navajo Nation and then provide to Badonie documentation about the officers' training.

There is no dispute that the United States has complied, and will continue to comply, with the Court's discovery order entered in this case on June 30, 2005. Badonie moves the Court for an order compelling discovery and disclosure of evidence related to specific law enforcement officers. Specifically, Badonie through this motion seeks discovery of training certifications of Navajo Nation investigatory agents involved in this case.

In addition to rule 16 and Brady v. Maryland, 373 U.S. 83 (1963), Badonie invokes the Sixth Amendment right to production of the entire personnel file for each of the law enforcement witnesses. Badonie recognizes that this production may be subject to in camera review by the Court to ascertain the law enforcement officers' certification and qualification. In the alternative, Badonie argues that, should the United States continue to refuse disclosure of this information, the Court should exercise its discretion to control the trial by recognizing this motion as a motion in limine, and exclude from evidence at trial the testimony of the following officers from whom personnel file verification and qualification is sought: (i) LeRoy Deale, Jr.; (ii) James Lee Hale; (iii) Melvin Joe; and (iv) Marvin

Tolbertson.

The United States opposes this motion. The United States represents that the information that Badonie seeks is not in the United States' possession.

**RULE 16**

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides:

> Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Criminal defendants may not, however, embark on a "broad or blind fishing expedition among documents possessed by the Government . . . ." Jencks v. United States, 353 U.S. 657, 667 (1957)(quoting Gordon v. United States, 344 U.S. 414, 419 (1953)). Rule 16(a)(2) provides, in part, that rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."

**ANALYSIS**

It is important that the Court scrutinize the two governments' reluctance and resistance to disclose evidence. This scrutiny protects Badonie's rights under the United States Constitution. On the other hand, if the United States does not have the requested information, there is no basis for the Court to order the United States to produce what it does not have.

It may well be that some of the information that Badonie requests is important. At least some of the information requested may be, as a matter of law, material and relevant or exculpatory under rule 16 or Brady v. Maryland. It is thus likely that at least some of the requested information is discoverable. All Navajo Nation law enforcement agency training records and reports would not necessarily fall into the category of internal reports and information made in connection with investigating cases.

The more fundamental problem with Badonie's request, however, is that the United States does not have the requested documents. See United States v. Levitt, No. 98-2353, 1999 U.S. App. LEXIS 28888, * 6 (10th Cir. November 3, 1999)(unpublished); United States v. Bishop, No. 04-20118-JWL, 2005 U.S. Dist. LEXIS 5737, *13 )(D. Kan. 2005)(unpublished)(holding no violation of Rule 16(a)(1)(E) when the government failed to produce e-mails not in its possession, custody, or control). Badonie cites cases that make clear that the government must produce documents that are in its possession, regardless of which agency has custody of the documents. But Badonie has not cited, and the Court has not found, any cases that say that one prosecuting government has an obligation to request and obtain documents from another government.

There is no dispute that the United States does not have possession of the requested documents. The United States could only ask for them. While it may be likely that the Navajo Nation would comply with a request from the United States, if it did not, it would be difficult to enforce an order against the United States. Because the United States does not have the documents Badonie request, the Court will not compel the United States to produce those documents.

**IT IS ORDERED** that the Defendants' Motion to Compel Discovery and Disclosure of Evidence is denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
United States Attorney for the
District of New Mexico
Fred C. Smith
Kyle T. Nayback
Assistant United States Attorneys for the
District of New Mexico
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

John F. Moon Samore
Albuquerque, New Mexico

*Attorney for the Defendant*