IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.   No. CR 03-2062 JB

RYAN BADONIE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion in *Limine* and Notice of Intent to Use Relevant and Material Evidence Regarding Defendant's Use of Alcohol, filed August 8, 2005 (Doc. 72). The Court held a hearing on this motion on August 10, 2005. The primary issue is whether the Court should admit into evidence Defendant Ryan Badonie's admissions that he consumed alcohol on several occasions while on pre-trial release. At the hearing, the Court indicated that it was inclined to allowed testimony by Defendant Ryan Badonie's Pretrial Services Officer. Because, however, the Court concludes that the testimony of the Pretrial Services Officer is not admissible, the Court will deny the United States' motion.

## BACKGROUND

The United States alleges that Defendant Ryan Badonie unlawfully killed Flora Washburn while operating a motor vehicle under the influence of alcohol and while driving recklessly. See Indictment, filed October 17, 2003 (Doc. 1). On September 25, 2003, Badonie testified under oath about this incident in a Navajo Nation proceeding. Badonie testified that he did not consume alcohol. See Transcript of Navajo Nation Proceeding at 16:17-18 (taken September 25, 2003).

On November 20, 2003, Chief United States Magistrate Judge Lorenzo F. Garcia arraigned Badonie in this matter. See Clerks Minutes, filed November 20 2003 (Doc. 5). Judge Garcia ordered Badonie released on his own recognizance with a condition that he refrain from any use of alcohol. See id. On February 11, 2005, Badonie admitted to a Pretrial Officer that he consumed alcohol on several occasions. See Violation Report/Modification Requested, dated February 14, 2005.

The United States moves the Court for a pretrial ruling that Defendant Ryan Badonie's admissions that he consumed alcohol on several occasions while on pre-trial release and his contradictory sworn testimony on September 25, 2003 are admissible. At the hearing on this motion, the United States indicated it wanted to call the United States Pretrial Services Officer responsible for Badonie's supervision to testify regarding Badonie's admissions. See Transcript of Hearing at 76:23 - 77:2 (taken August 19, 2005).[1] The Defendant represented that he opposed the United States' motion. See Transcript of Hearing at 81:19-20.

## 18 U.S.C. § 3153

18 U.S.C. § 3153(c)(1) provides in relevant part: "Except as provided in paragraph (2) of this subsection, information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." Section 3153(c)(3) provides:

> Information made confidential under paragraph (1) of this subsection is not admissible on the issue of guilt in a criminal judicial proceeding unless such proceeding is a prosecution for a crime committed in the course of obtaining pretrial release or a prosecution for failure to appear for the criminal judicial proceeding with respect to which pretrial services were provided.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

## ANALYSIS

The United States argues that Bedonie's admissions to his Pretrial Officer are admissible under rule 801(d)(1), rule 801(d)(2), and rule 404(b) of the Federal Rules of Evidence. The Court, however, need not decide whether such evidence is admissible under the rules of evidence because, under 18 U.S.C. § 3153(c), "information obtained in the course of performing pretrial services functions in relation to a particular accused" is confidential, 18 U.S.C. § 3153(c)(1), and "is not admissible on the issue of guilt in a criminal judicial proceeding," 18 U.S.C. § 3153(c)(3). 18 U.S.C. § 3153(c) prohibits the testimony of Badonie's Pretrial Officer. The Court will therefore deny the United States' motion.

**IT IS ORDERED** that the United States' Motion in *Limine* and Notice of Intent to Use Relevant and Material Evidence Regarding Defendant's Use of Alcohol is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the District
    of New Mexico
Fred C. Smith
Kyle T. Nayback
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff.*

John F. Samore
Albuquerque, New Mexico

    *Attorney for the Defendant*